Action to recover damages for the death of plaintiff's intestate. His Honor rendered judgment that upon the pleadings and admissions in open court, the plaintiff's intestate was guilty of contributory negligence, which bars any recovery herein, and ordered a nonsuit. The plaintiff excepted and appealed.
The following judgment was rendered:
This cause coming on for hearing before his Honor, G.S. Ferguson, and being heard upon the pleadings and the admissions of the parties, and the further admission that the two tracks of the defendant company run parallel at a distance of 13 feet apart from center to center, and the court being of opinion, upon said pleadings and admissions, that plaintiff's intestate was guilty of contributory negligence, which bars any recovery herein, it is therefore adjudged that plaintiff take nothing by her writ; that the defendant go hence without day and recover its costs of plaintiff and the surety on her prosecution bond, to be taxed by the clerk.
 G.S. FERGUSON, Judge Presiding. *Page 368 
The following is a return made to a writ of certiorari issuing from the Supreme Court:
To the Honorable, the Supreme Court of North Carolina:
In obedience to the order of the court made in the case of Nancy J. Gainey, administratrix of Robert Gainey, v. Atlantic Coast Line (454) Railroad Company, I beg to report that when the case was called for trial and the pleading read, it was admitted that the decedent, who was standing at the side of the northbound track waiting for a long freight train which was going north to clear the crossing, walked around the end of the caboose and stepped upon the track of the southbound train and was immediately struck and killed. It was further admitted that the distance between the center of the tracks was 13 1/2 feet.
The plaintiff admitted that she had no evidence to prove that the passenger train was not equipped with a proper headlight, and that it was not burning, or to prove that the bell was not ringing or that the whistle for the station and crossing had not been blown.
It was further admitted that there was an arc light at the crossing, which was burning.
I was of the opinion that there was sufficient room and opportunity for the decedent, after he got within the zone of danger, to have observed the approach of the passenger train before he went upon the track, and that is was negligence for him not to have done so, and to get on the track without looking and listening for the train; and under the ruling of the Court inColeman's case, I stated that upon the pleadings and admissions, if that should be the evidence on the trial, I would direct a nonsuit; and in deference to this intimation the plaintiff agreed that I might order a nonsuit and she take exception thereto and appeal to the Supreme Court, which was accordingly done.
Respectfully submitted,
G.S. FERGUSON.
When this cause was argued in this Court a writ of certiorari
was issued, directing the judge of the Superior Court (455) to certify up as a part of the record the admissions of the parties made in open court, and which were fully set out in the record.
His Honor having certified the said admissions in due form, they have been considered by us. We are of opinion, upon the said admissions so certified to us, and upon the pleadings, that the plaintiff's intestate was guilty of contributory negligence upon the plaintiff's own showing, and that the judgment of nonsuit was properly entered.
Affirmed. *Page 369